IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHAMIM EBRAHIMI , )<br>    Plaintiff,    )<br>             )<br>vs.            )<br>             )<br>THE UNITED STATES, et al., )<br>    Defendants.   )  | No. 3:23-CV-02229-G (BH)<br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's *Motion for an Ex Parte Temporary Restraining Order & A Preliminary Injunction* (doc. 3) should be **DENIED**, his case should be **DISMISSED** as frivolous, and he should be given a sanctions warning.

**I.  BACKGROUND**

On September 28, 2023, Plaintiff Shamim Ebrahimi (Plaintiff), a Texas lawyer proceeding *pro se* and *in forma pauperis* (IFP), filed a complaint and *Motion for an Ex Parte Temporary Restraining Order & A Preliminary Injunction* in the Lubbock Division of the United States District Court for the Northern District of Texas, which were later transferred to the Dallas Division. (docs. 1, 3, 8.)[2] The complaint names 2928 defendants, including two former presidents of the United States, the judges on the United States Court of Appeals for the Fifth Circuit, a law school, corporations, celebrities, actors, and professional athletes. (*See* doc. 1 at 18-280).[3] The

---

[1] By *Special Order No.* 3-251, this *pro se* case has been automatically referred for judicial screening.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3] Plaintiff also named all four U.S. Magistrate Judges and several district court judges in the Dallas Division, as well as many other federal judges, as defendants. (*Id.* at 88-93.) He does not include any factual allegations specifically directed at any judge, however. He only vaguely alleges that "several members of the Federal Judiciary have consciously suppressed the due execution of the law and obstructed the due course of justice; engaged in a practices [sic] that prolonged and exasperated Plaintiff's injuries and emotional distress; and supported and allowed over 2,000

280-page complaint contains a "List of Statutory Law Violations" and a "List of Duties and Representations", both of which list a myriad of federal and state civil and criminal laws that the defendants have supposedly violated, without explanation. (*See* doc. 1-1; doc. 1-2.) It alleges that Plaintiff's causes of action are "generally rooted in civil rights violations such as denial of due process and equal protection, but also include anti-trust violations; RICO violations such as wire fraud, obstructions of justice, forced labor, sex trafficking, kidnapping, honest services fraud, bribery, theft, and money laundering; fraud; negligence; intentional infliction of emotional distress; barratry; unlawful use of zombies/botnets; unlawful interception, use, and disclosure of communications; and nuisance under Federal and/or State law as applicable." (doc. 1 at 1.)

Plaintiff claims that he has been subjected to "severe forms of trafficking and torture for over thirty years at the hands of a Government sanctioned child sex-trafficking ring." (*Id.* at 4.) He blames high-ranking government officials like the President and Vice President for "allowing over 2,000 entities and persons to torment and traffic Plaintiff for an additional three years on top of the twenty prior thereto." (*Id.*) He alleges that Defendants have subjected him to "no less than 5,000 known actionable events," including, but not limited to:

> [C]onstant electronic and visual surveillance;…subjecting Plaintiff to sex trafficking;…misappropriating Plaintiff's assets and property; subjecting Plaintiff to wrongful criminal prosecution…two wrongful evictions…a wrongful attorney grievance…; causing Plaintiff to suffer a brain aneurysm; rendering Plaintiff a disabled individual; murdering Plaintiff's dog; torturing Plaintiff's seven month old puppy…; tampering with Plaintiff's medication; harming Plaintiff's reputation; forcibly sterilizing Plaintiff on live broadcast; sexually assaulting Plaintiff on live broadcast; and denying Plaintiff's several attempts to seek redress for the harms resulting from Defendants' misconduct.

(*See id.* at 4-5.) Plaintiff alleges violations of federal and state laws such as, but not limited to, the Racketeer Influenced and Corrupt Organizations Act; 18 U.S.C. §§ 1961-1968 (RICO); 42 U.S.C.

---

entities and persons to torment and traffic Plaintiff…" (*Id.* at 4.) He claims that because he has sued so many judges in this circuit, transferring this case to another circuit is appropriate. (*Id.* at 3.)

§§ 1983, 1985, and 1986; and state tort law. (*Id.* at 12.) He seeks "civil penalties at the maximum amounts permitted under the law," including exemplary damages. (*Id.* at 14.)

Plaintiff has filed three other substantially similar IFP complaints in this district. The first (*Ebrahimi* I) was dismissed as frivolous. *See Ebrahimi v. Fields*, No. 3:22-CV-1906-E-BK, 2022 WL 18494833 (N.D. Tex. Sept. 26, 2022), *rec. accepted* 2023 WL 1072003 (N.D. Tex. Jan. 27, 2023) The second (*Ebrahimi* II) was dismissed as duplicative of *Ebrahimi* I and frivolous. *Ebrahimi v. Fields*, No. 3:23-CV-0273-K (BH), 2023 WL 3236507 (N.D. Tex. Apr. 18, 2023), *rec. accepted* 2023 WL 3237507 (N.D. Tex. May 3, 2023). The third complaint (*Ebrahimi* III) remains pending. *Ebrahimi v. Fields*, 3:23-cv-1090-G-BT.

## II. PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis* (IFP), his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The *in forma pauperis* statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claim whose factual contentions are clearly baseless." *Id.* at 327. Factually frivolous allegations encompass "fanciful," "fantastic," and "delusional" allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts

3

available to contradict them." *Id.* A complaint may also be dismissed as frivolous when a pauper "file[s] successive *in forma pauperis* suits that duplicate claims made in other pending or previous lawsuits." *Humphrey v. Luna*, 59 F.3d 1242, 1242 (5th Cir. 1995) (per curiam) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (pending lawsuits); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam) (previous lawsuits)).

A case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey*, 846 F.2d at 1021. The addition of different defendants in the successive action does not change the frivolous or duplicative nature of the case. *See id.* Nor will new causes of action prevent a finding that a case is duplicative where the new claims "grow out of the same allegations" as were presented in the prior or pending suits. *See Potts v. Texas*, No. 1:07-CV-632, 2008 WL 4525007, at *3 (E.D. Tex. Sept. 26, 2008).

### III. DUPLICATIVE COMPLAINT

Plaintiff's complaint should be dismissed as duplicative of the dismissed complaints in *Ebrahimi* I and *Ebrahimi* II and the pending complaint in *Ebrahimi* III.

As in those cases, the central theme of the complaint here is Plaintiff's belief that he has been subjected to trafficking, torture, and other illicit acts for decades. (*compare* doc. 1 at 4 with 3:22-cv-1906-E-BK, doc. 1 at 3; 3:23-cv-00273-K-BH, doc. 7-1 at 4; 3:23-cv-1090-G-BT, doc. 1 at 3-4.) Like the prior complaints, it alleges "no less than 5,000 actionable events" underpinning its claims; the "actionable events" listed are nearly identical to those described in *Ebrahimi* I, II, and III. (*compare* doc. 1 at 4-5 with 3:22-cv-1906-E-BK, doc. 1 at 4; 3:23-cv-00273-K-BH, doc. 7-1 at 5; 3:23-cv-1090-G-BT, doc. 1 at 4-5.) It contains a "claims" section that is substantially like those in the prior complaints, which details the myriad of ways in which Defendants allegedly conspired against him and infringed on his rights, as well as the statutes and laws that they

4

allegedly violated. (*compare* doc. 1 at 7-14 with 3:22-cv-01906-E-BK, doc. 1 at 7-10; 3:23-cv-00273-K-BH, doc. 7-1 at 6-14; 3:23-cv-1090-G-BT, doc. 1 at 6-14.) There is also substantial overlap between the nearly-3,000 defendants sued in this case and the defendants sued in Plaintiff's prior cases (*compare* doc. 1 at 18-280 with 3:22-cv-1906-E-BK, doc. 6; 3:23-cv-00273-K-BH, doc. 7-2; 3:23-cv-1090-G-BT, doc. 1-1.) The complaint in this case alleges the same "series of events" and many, if not all, of the same substantive facts as *Ebrahimi* I, II, and III. *See Bailey*, 846 F.2d at 1021.[4]

For these reasons, this case is duplicative of *Ebrahimi* I, II, and III, and should be dismissed as frivolous and with prejudice. *See*, *e.g.*, *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).[5]

## IV.  MOTION FOR INJUNCTIVE RELIEF

Plaintiff also seeks an *ex parte* temporary restraining order and preliminary injunction "against primarily" the United States of America, President Biden, Attorney General Merrick

---

[4] In fact, Plaintiff admits that he "seeks no additional damages and asserts no new claims by way of this complaint than those sought and asserted by way of Plaintiff's Original Complaint and Demand for Jury Trial in [*Ebrahimi* III]." (doc. 1 at 15.)

[5] As noted, Plaintiff sues all the magistrate judges and many district judges in this division and seeks a transfer to another circuit. He may not force judicial recusal or transfer of his case simply by naming judges indiscriminately in a complaint unsupported with any allegations of substance, however. *See*, *e.g.*, *Boswell v. Texas Christian University*, Civil Action No. 4:14-cv-0330-O, 2014 WL 4650023, at *4 (N.D. Tex. Sept. 24, 2014) (denying request for recusal where the judge was named as a defendant because the "nearly incoherent complaint" was "baseless" and barred by judicial immunity and the litigant was "only frustrated or disappointed with the results of other encounters with the judge) (citing *Jones v. City of Buffalo*, 867 F.Supp. 1155, 1163 (W.D.N.Y. 1995)) (denying request for recusal by vexatious serial litigator stating "this tactic of suing federal judges and then seeking their disqualification is nothing more than a tactic to delay and frustrate the orderly administration of justice. Judges should not be held hostage to this kind of tactic and automatically recuse themselves simply because they or their fellow judges on the court are named as defendants in a truly meritless lawsuit"); *see also Hassell v. United States*, No. Civ. A. 3:04-CV-0974-G, 2004 WL 2331599, at *2 (N.D. Tex. Oct. 14, 2004) (noting that in the context of a motion to recuse, "[a] judge should not recuse himself merely because the party seeking recusal has sued, or threatened to sue, the judge…[m]oreover, unfounded, frivolous, and scurrilous allegations of a judge's crimes against the movant are insufficient to establish grounds for recusal") (citing *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977), *cert. denied*, 435 U.S. 954 (1978)); *see also Ocean-Oil Expert Witness, Inc. v. O'Dwyer*, 451 F. App'x 324, 329 (5th Cir. 2011) ("Suing all the judges in a district indiscriminately also does not force their recusal. Judges are not required to recuse just because they have been or are involved in litigation with a party. Otherwise, parties could control which judges hear their case by filing lawsuits against all judges of whom they disapproved. Courts must take care to ensure that motions for recusal are not abused as a litigation tactic.") (citing *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004)).

Garland, the United States Department of Justice, Secretary of Homeland Security Alejandro Mayorkas and the Department of Homeland of Security, as well as "isolate class of select Defendants collectively referred to as the WGFs." (doc. 3 at 1.)

To obtain a TRO, Plaintiff must satisfy the substantive requirements for a preliminary injunction. *Mktg. Investors Corp. v. New Millennium Bank*, No. 3:11-CV-1696-D, 2011 WL 3157214, at *1 (N.D. Tex. July 26, 2011) ("To obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction.") (citations omitted)); *see Hassani v. Napolitano*, No. 3:09-CV-1201-D, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009) (noting a TRO is "simply a highly accelerated and temporary form of preliminary injunctive relief"). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, the movant must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Tex. Midstream Gas Servs., LLC. v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (citing *id.* at 20). The party seeking the preliminary injunction bears the burden of persuasion on all four requirements. *Bluefield Water Assoc., Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009).

As discussed, Plaintiff's complaint is frivolous, so his request for injunctive relief should be denied because as he has necessarily failed to show a likelihood of success on the merits in relation to any of his claims. *See*, *e.g.*, *Sheldon v. Underwood*, No. 3:19-CV-2041-M-BH, 2022 WL 2111100, at *2 (N.D. Tex. May 10, 2022), *rec. accepted* 2022 WL 2104503 (N.D. Tex. June 10, 2022) (denying motion for injunctive relief where the underlying claim was dismissed as

frivolous because the plaintiff failed to establish a likelihood of success on the merits); *Perez v. Edwards*, Civil Action No. 20-29-JWD-EWD, 2021 WL 930287, at *6 (M.D. La. Feb. 23, 2021), *rec. accepted* 2021 WL 922062 (M.D. La. Mar. 10, 2021) ("If the above recommendation to dismiss this matter as frivolous pursuant to 28 U.S.C. §§ 1915(e) and 1915(A) is adopted, then any request for injunction in this case fails because Plaintiff has not stated a cognizable federal claim, and therefore, Plaintiff does not have any likelihood of success on the merits of any request for injunctive relief he may bring related to the instant complaint."); *see also Roho, Inc. v. Marquis*, 902 F.2d 256, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff had failed to show a substantial likelihood of success on the merits).[6]

## V. LEAVE TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

---

[6] Although the Fifth Circuit Court of Appeals has not specifically addressed this issue, district courts within this circuit have found that a request for preliminary injunction must also be based on allegations related to claims in the complaint. *See Gill v. Neaves*, 657 F.Supp. 1394, 1399 (W.D. Tex. 1987) (denying request for temporary restraining order and preliminary injunction in part because "the grounds alleged in the motion ha[d] absolutely nothing to do with the underlying cause of action"); *see also Walcott v. Terrebonne Par. Consol. Gov't*, No. CV 17-1125, 2017 WL 6371577, at *1 (E.D. La. Nov. 20, 2017) (recommending the denial of a prisoner's motion for preliminary injunction because he was seeking injunctive relief "wholly unrelated to the claims in this lawsuit"), *rec. accepted* 2017 WL 6344149 (E.D. La. Dec. 12, 2017).

Leave to amend is not necessary, however, where the plaintiff has already plead his best case. *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citations omitted). Nor is it necessary if a claim would be futile. *See*, *e.g.*, *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003). Here, Plaintiff's claims are duplicative of those already raised and rejected in other cases, so leave to amend is not warranted.

## VI. SANCTIONS WARNING

The Court possesses the inherent power "to protect the efficient and orderly administration of justice and…to command respect for the court's orders, judgments, procedures and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (per curiam). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993*). Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Ferguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees—indeed are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

In the past year and a half, Plaintiff has filed four lawsuits in this district, including this one. Two of those prior lawsuits have been dismissed as frivolous, which is also the recommended disposition for this case. *See Ebrahimi v. Fields*, No. 3:22-CV-1906-E-BK, 2022 WL 18494833 (N.D. Tex. Sept. 26, 2022), *rec. accepted* 2023 WL 1072003 (N.D. Tex. Jan. 27, 2023); *Ebrahimi v. Fields*, No. 3:23-CV-0273-K (BH), 2023 WL 3236507 (N.D. Tex. Apr. 18, 2023), *rec. accepted* 2023 WL 3237507 (N.D. Tex. May 3, 2023).

Plaintiff should be warned that if he persists in filing frivolous or baseless cases, the Court may impose monetary sanctions and/or bar him from bringing any further civil action without payment of the filing fee.

## VII.  RECOMMENDATION

Plaintiff's claims should be summarily **DISMISSED** with prejudice as frivolous under 28 28 U.S.C. § 1915(e)(2)(B). His *Motion for an Ex Parte Temporary Restraining Order & A Preliminary Injunction* (doc. 3) should be **DENIED**, and the Court should warn him that it may impose sanctions if he persists in filing frivolous or baseless cases.

**SO RECOMMENDED** on this 16th day of October, 2023.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE